UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW SKIES SATELLITES, B.V., | Civil Action No. 13-200 (PGS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| HOME2US COMMUNICATIONS, INC., | |
| Defendants. | |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Defendant Home2US Communications, Inc.'s ("Home2US") motion seeking leave to file an Amended Answer & Counterclaim, in order to assert an Amended Counterclaim against Plaintiff New Skies Satellite, B.V. ("New Skies") for breach of contract. [Docket Entry No. 42]. New Skies opposes Home2US's motion, arguing that Home2US's proposed Amended Counterclaim is barred by the statute of limitations and therefore futile. The Court has fully reviewed the papers submitted in support of and in opposition to Home2US's motion. The Court considers Home2US's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth below, Home2US's motion is DENIED.

**I.     Background and Procedural History**

The parties and the Court are familiar with this case. As a result, the Court does not restate the facts at length herein. Instead, the Court adopts the facts as set forth by the District Court in its Opinion of March 28, 2014. [Docket Entry No. 23]. In that Opinion, the District Court, in part, dismissed Home2US's Counterclaim for breach of contract without prejudice, determining that it was barred by the Ku-Band Multiple Channel per Carrier ("MCPC") Global

Service Agreement ("GSA") limitations provision.  However, the District Court also afforded Home2US the opportunity to conduct discovery on the limitations issue "limited to facts surrounding the negotiations with SES Americom or New Skies that allegedly lulled Home2US into foregoing suit."  (*Id*. at 12).  The District Court noted that should Home2US "wish to proceed with its breach of contract claim after such discovery, [it] may file an Amended Counterclaim clearly identifying the inequitable conduct that forms the basis of its equitable tolling argument."  (*Id*.)

In light of the District Court's Order, this Court instructed the parties to submit a proposed discovery schedule.  The parties did so and after conducting a conference with the parties to discuss their submission, the Court entered a schedule on May 16, 2014.  (*See* Letter Order of 5/16/2014; Docket Entry No. 26).  That schedule was amended several times.  (*See, e.g.,* Letter Order of 7/2/2014, Docket Entry No. 27; Letter Order of 9/18/2014, Docket Entry No. 28; Minute Entry of 12/9/2014; Consent Order of 2/9/2015, Docket Entry No. 32; Letter Order of 3/4/2015, Docket Entry No. 34; Minute Entry of 3/4/2015).  In accordance with the Court's Orders, Home2US moved to amend its Answer to assert a Counterclaim against New Skies for breach of Contract.[1]  [Docket Entry No. 42].  The Court addresses this motion herein.

---

[1] Home2US first filed its motion to amend on 5/4/2015.  (*See* Docket Entry No. 37).  Home2US requested that the Court construe Home2US's motion to seek to add not only the referenced breach of contract Counterclaim, but also Counterclaims for fraud.  (*See* Letter from Michael Orozco to Hon. Peter G. Sheridan of 5/15/2015; Docket Entry No. 39).  The District Court denied Home2US's request and terminated Home2US's then pending motion to amend, instructing Home2US to file a new motion to amend with any amendments it requires.  (*See* Order of 5/19/2015; Docket Entry No. 41).  Home2US did so on May 22, 2015.  (Docket Entry No. 42).  In its current Motion to Amend, Home2US only seeks to assert a Counterclaim for breach of contract and that is the only amendment this Court considers.

## II.	Analysis

### A.	Motions to Amend the Pleadings

According to FED.R.CIV.P. 15(a), leave to amend the pleadings is generally granted liberally. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). However, the Court may deny a motion to amend where there is "undue delay, bad faith . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. Nevertheless, where there is an absence of the above factors: undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be granted freely. *Long*, 393 F.3d at 400.

As noted above, the only argument raised by New Skies in opposition to Home2US's motion is the alleged futility of Home2US's proposed amended breach of contract Counterclaim. As a result, this is the only issue addressed by the Court herein.

A motion to amend is properly denied where the proposed amendment is futile. *See Foman,* 371 U.S. at 182; *Alvin*, 227 F.3d at 121. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine whether an amendment is "insufficient on its face," the Court employs the motion to dismiss standard under Fed. R. Civ. P. 12(b)(6) (*see Alvin*, 227 F.3d at 121) and examines only the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief[.]" *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Put simply, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Although a pleading does not need to contain "detailed factual allegations," a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citation omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Additionally, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

**B.     Discussion**

Through its proposed Amended Answer and Counterclaim, Home2US seeks to assert an Amended Counterclaim for breach of contract. The District Court has already determined that the GSA provision limiting the time frame for bringing such an action to two years is valid. (Op. of 3/28/2014 at 10; Docket Entry No. 23). As a result, unless this limitations period is tolled, Home2Us's proposed Amended Counterclaim would be futile.

In its Opinion, the District Court noted that "[u]nder certain circumstances, negotiations between a claimant and a prospective defendant can provide a basis for tolling a statute of limitations." (*Id*. (citing *W.V. Pangborne & Co., Inc. v. N.J. Dep't of Transp.*, 116 N.J. 543, 556, 562 A.2d 222 (N.J. 1989)). However, the District Court also made clear that "mere negotiations, without more, are insufficient to invoke equitable tolling." (*Id*.) Instead, the District Court found that, "Home2US must allege and prove that SES Americom or New Skies engaged in inequitable conduct to lull Home2US into forgoing suit within the limitations period in order to be entitled to equitable tolling for the period from 2008 until 2012." (*Id*. at 10-11 (citing *W.V. Pangborne & Co.*, 116 N.J. at 553)). As noted by the District Court, inequitable conduct is "'conduct that is calculated to mislead the plaintiff into believing that it is unnecessary to seek redress.'" (*Id*. at 11 (quoting *W.V. Pangborne & Co.*, 116 at 553)). In order to toll the applicable limitations period, inequitable conduct "'requires some type of unconscionable conduct on the part of the [defendant] and not just mere negotiations or discussions.'" (*Id*. (quoting *Eagle Fire Prot. Corp. v. First Indem. Of Am. Ins. Co.*, 280 N.J. Super. 430, 441, 655 A.2d 939 (App. Div. 1995), *rev'd on other grounds*, 145 N.J. 345, 678 A.2d 699 (N.J. 1996)). The District Court further instructed Home2US that should it seek "to proceed with its breach of contract claim[,]"

its proposed Amended Counterclaim must "clearly identify[] the inequitable conduct that forms the basis of its equitable tolling argument." (*Id.*)

In its proposed Amended Counterclaim Home2US includes the following allegations to establish inequitable conduct on the part of New Skies:

- ¶ 1. Plaintiff engaged in protracted long-term negotiations with Home2US regarding the damages Home2US sustained as a result of Plaintiff's failures to provide service under the Global Services Agreement, including failing to declare AMC-4 a satellite failure, as described below, that induced detrimental reliance on the part of Home2US that litigation was not necessary. These negotiations took place over a significant time period and tolled the statue of limitations until at least February 16, 2011 and Plaintiff argues until the date of unilateral termination by Plaintiff on September 26, 2012. Therefore, Defendants' counterclaims are timely.

- ¶ 9. SES was aware of these satellite failures and its consequential interruption of service to Home2US as both parties were engaged in regular communication in an effort to address the problems.

- ¶ 15. Based upon these issues, Home2US demanded that SES address these problems. SES agreed that it was under an obligation to provide support for Home2US during the transition to the new satellite and during the upheaval to its normal business.

- ¶ 16. Due to SES's failure to provide services and Home2US's transition to SES-1 the parties entered into negotiations. On or about June 9, 2010, New Skies approved an agreement in which among other things, it would provide $1,000,000.00 in credits to Home2US for New Skies' service failures.

- ¶ 18. On or about July 8, 2010, it became clear to Home2US that SES/New Skies was unreasonably refusing to declare AMC-4 a "Satellite Failure" in an effort to avoid liability, instead attempting to force Home2US to sign a new one-sided agreement in which New Skies would avoid all liability and Home2US would be vulnerable to its customers for New Skies' failures in service. Nonetheless, based upon their positive professional relationships with SES/New Skies personnel, and their ongoing and potentially beneficially [sic] relationship with SES/New Skies as a business, Home2US felt they could trust SES/New Skies to resolve this matter to their satisfaction through credits, reductions in fees, discounted services, or some other form of settlement. Thus, Home2US was lulled into continued negotiations with SES/New Skies with promises of credits and materials to assist it with its business, all the while SES/New Skies knew that the satellite was a failure pursuant to the GSA.

The Court finds that these allegations fail to plausibly establish inequitable conduct on the part of SES Americom or New Skies.  The facts alleged simply do not support Home2US's contention that SES Americom or New Skies intentionally mislead Home2US into believing that it need not seek redress.  Indeed, the facts alleged simply do not demonstrate that SES Americom or New Skies acted unconscionably to lull Home2US into foregoing suit.  Instead, the allegations demonstrate that Home2US and SES Americom or New Skies were involved in active negotiations, which is in and of itself insufficient.  At best, Home2US has established that it detrimentally relied on the parties' ongoing negotiations in electing not to bring suit.  However, detrimental reliance is not the standard by which Home2US's proposed Amended Counterclaim is judged.  Instead, as the District Court noted, Home2US must establish inequitable conduct. Home2US has failed to do so.  Consequently, its proposed Amended Counterclaim for breach of contract is futile.

### III. Conclusion

For the reasons stated above, Home2US's motion seeking leave to file an Amended Answer & Counterclaim in order to assert a Counterclaim against New Skies for breach of contract is DENIED.  An appropriate Order follows.

Dated:  November 4, 2015

>   s/Tonianne J. Bongiovanni
>   **HONORABLE TONIANNE J. BONGIOVANNI**
>   **UNITED STATES MAGISTRATE JUDGE**